# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMPSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MYER-ZLOKOVICH, et al.,<br><br>　　　　　　Defendants. | Case No. 1:14-cv-01521-LJO-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER**<br><br>**(Doc. 20)**<br><br>**30-DAY DEADLINE** |

　　　　On July 13, 2015, Defendants filed a motion for summary judgment. (Doc. 16.) On August 6, 2015, the Court issued the Second Information Order notifying Plaintiff of the requirements to oppose a motion for summary judgment and that an opposition must be filed within twenty-one days of the date Defendants' filed their motion for summary judgment. (Doc. 18.) Plaintiff did not file an opposition or a statement of opposition within twenty-one days of the date Defendants' filed their motion. On August 21, 2015, the Court ordered Plaintiff to file an opposition or a statement of non-opposition to Defendants' motion for summary judgment within twenty-one days of the date that order issued. (Doc. 20.) More than twenty-one days have passed and Plaintiff still has failed to file an opposition, or statement of non-opposition, or to respond in any way to Defendants' motion for summary judgment or to this Court's orders.

　　　　Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

1

sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address*); Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a Court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order requiring Plaintiff

to file an opposition or statement of non-opposition to Defendants' motion for summary judgment expressly stated in bold that "Plaintiff is warned that the failure to comply with this order will result dismissal of this action, with prejudice, for failure to prosecute." Thus, Plaintiff had adequate warning that dismissal may result from his noncompliance with the Court's order.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to obey the Court's order of August 21, 2015 (Doc. 20).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within 30 days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 28, 2015**          /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE